**FREDERICK H. COHN**
ATTORNEY AT LAW
111 BROADWAY
SUITE 1805
NEW YORK, NY 10006
212-768-1110
FAX 212-338-9088
fcohn@frederickhcohn.com
www.fcohlaw.com

Frederick H. Cohn
Carina Patritti, Esq.
Irina Stankevitch, Paralegal

September 12, 2013

Hon. Eric N. Vitaliano
United States District Court
225 Cadman Plaza East
Brooklyn, NY 11210

**Re: United States v. Abdel Shehadeh**
**10 Cr. 1020(ENV)**

Dear Judge Vitaliano:

We respond here to the Court's notice that it is entertaining a departure upward in this matter. It is apparently in response to the government's suggestion in its letter of July 24, 2013 "based on the seriousness of the defendant's conduct" (p2). We assume that the conduct complained of is the use of web sites to promote terrorism. (See Addendum to the pre sentence report.)

We respectfully suggest that the three year enhancement for "involvement with terrorism" reflects Congress' requirement for increased punishment which is incorporated into the Guidelines. The activities complained of were directing others to open web sites that had not been declared criminal; the argument that there was an attempt to kill Americans is ludicrous.

5k2.21 of the Federal Sentencing guidelines permits departures upward for uncharged conduct that does not enter into the applicable guideline range. The Rule however, contemplating dismissed or acquitted conduct or uncharged conduct which is related, contemplates criminal conduct. The language of the section is far from clear. We print it here for clarity's sake. "The court may depart upward to reflect the actual seriousness of the offense based on conduct (1) underlying a charge dismissed as part of a plea agreement in the case, or underlying a potential charge not pursued in the case of a plea agreement <u>or for any other reason</u> and did not enter into the determination of the applicable guideline range" (Underlining supplied)

We suggest that the underlined language is not a separate category of conduct meaning any conduct at all, a term so vague as to permit the court to upwardly depart for any reason at all

LAW OFFICES
FREDERICK H. COHN

September 12, 2013
uncharged conduct
-page-2

so long as it appeared serious to it, but instead it modifies the previous terms, meaning that the uncharged criminal conduct was not pursued by the government for any reason at all.

To give the phrase any other meaning would be to allow upward departures for conduct which is unsystematizable.

None of the conduct here was criminal. It is uncharged because it could not be charged with the possible exception of lying to the army recruiter. We suggest that within the scope of guideline punishment, the effects of that conduct is already contemplated.

At worst, although I do not believe that this transgretion is more than mere puffery and bravado. The other conduct alluded to by the Government may not be considered.

Respectfully yours,

Frederick H. Cohn

cc: Alexander A Solomon/David Sarratt, AUSAs (by email)
Shayna Bryant, P.O. (by email)